UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


DINO SCHWERTZ (#236315)

VERSUS                                         CIVIL ACTION

ST. TAMMANY PARISH COURTS, ET AL               NUMBER 13-75-BAJ-SCR


**NOTICE**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.
    In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, December 3, 2013.

                                      STEPHEN C. RIEDLINGER
                                      UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DINO SCHWERTZ (#236315)

VERSUS                                           CIVIL ACTION

ST. TAMMANY PARISH COURTS, ET AL      NUMBER 13-75-BAJ-SCR

**MAGISTRATE JUDGE'S REPORT**

Pro se plaintiff, an inmate confined at Louisiana State Penitentiary, Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against unidentified St. Tammany Parish courts, judges, public defenders and district attorneys. Plaintiff alleged that the court system is ineffective, the public defenders provide inadequate representation due to inadequate funding and a heavy caseload, and the district attorneys illegally convict people and mistreat them. Plaintiff alleged that the defendants violated his constitutional rights. Plaintiff sought several forms of relief, including substantial monetary damages, a finding that trial witnesses committed perjury, a new trial, and release from custody.

Section 1915(g) of Title 28 of the United States Code provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon

>which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

In *Adepegba v. Hammons*, 103 F.3d 383 (5th Cir. 1996), the Fifth Circuit Court of Appeals held that: (1) section 1915(g) applies to cases pending on the effective date of the statute; and, (2) a suit dismissed prior to the effective date of the statute on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, is considered within the ambit of the "three strikes" provision of section 1915(g). Dismissals as frivolous in the district courts or the court of appeals count for the purposes of the statute. *Id*. Dismissals include only those for which appeal has been exhausted or waived. *Id*. However, dismissals later reversed are not to be counted as a strike. *Id*. By contrast, the frivolous appeal of a lower court's dismissal as frivolous counts twice. *Id*.

Plaintiff has, on three prior occasions, while incarcerated, brought an action in federal court that was dismissed as frivolous or for failure to state a claim.[1] Section 1915(g) contains an exception that allows prisoners whose privileges have been revoked to proceed in forma pauperis in cases involving imminent danger of

---

[1] A list of cases dismissed as frivolous or failure to state a claim include: *Dino Jay Schwertz v. Scott Garner, et al,* CV 09-18-AJM (E. D. La.); *Dino Jay Schwertz v. Michelle Millon*, CV 09-6813-AJM (E.D. La.) and *Dino Jay Schwertz v. First Circuit Court, et al* CV 11-736-BAJ-CN (M.D. La.).

2

serious physical injury.  Plaintiff's claims do not come under the exception.

On February 5, 2013, the plaintiff was granted 21 days from the date of the order to pay the court's filing fee in the amount of $350.00.  A review of the record showed that the plaintiff failed to pay the filing fee.

Because the plaintiff failed to pay the court's filing fee, the complaint should be dismissed without prejudice.

### **RECOMMENDATION**

It is the recommendation of the magistrate judge that the plaintiff's complaint be dismissed without prejudice for failure to pay the court's filing fee.

Baton Rouge, Louisiana, December 3, 2013.

*Stephen C. Riedlinger*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE